**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4382**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HUGH MONROE DYSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:16-cr-00163-D-1)

Submitted: December 21, 2017                     Decided: December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hugh Monroe Dyson pled guilty, pursuant to a plea agreement, to mail fraud, in violation of 18 U.S.C. § 1341 (2012). The district court sentenced Dyson to 48 months' imprisonment, within the Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Dyson's sentence is substantively reasonable. Dyson has filed a pro se supplemental brief, requesting that we review the record to determine whether the court properly calculated his Guidelines range and restitution amount and whether the Government acted arbitrarily or capriciously or with improper motives during the prosecution. The Government has moved to dismiss the appeal based on the appeal waiver in the plea agreement. We grant the motion in part, dismiss the appeal in part, and affirm in part.

Once an appeal waiver is invoked by the Government, "[w]e review the validity of [the] waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances," which includes "the background, experience, and conduct of the accused." *Id.* (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the

2

defendant understood the full significance of the waiver, the waiver is valid." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). Our review of the record confirms that, under the totality of the circumstances, Dyson's waiver of his appellate rights was knowing and voluntary and, therefore, the waiver is valid and enforceable.

Dyson waived his right to appeal his conviction and sentence, including any issues related to the establishment of the Guidelines range, reserving only the right to challenge a sentence above the Guidelines range and the right to appeal on the grounds of ineffective assistance or prosecutorial misconduct. We conclude that Dyson's and counsel's challenges to the term of imprisonment and restitution amount fall squarely within the scope of the valid and enforceable appeal waiver. Although the waiver does not preclude us from considering Dyson's prosecutorial misconduct claim, our review of the record reveals no evidence substantiating his allegations.

In accordance with *Anders*, we have reviewed the record in this case and have found no unwaived and potentially meritorious issues for appeal. To the extent Dyson's and counsel's claims are within the scope of the valid and enforceable appeal waiver, we grant the Government's motion to dismiss the appeal. We otherwise affirm the district court's judgment.

This court requires that counsel inform Dyson, in writing, of the right to petition the Supreme Court of the United States for further review. If Dyson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dyson. We dispense with oral argument because the facts and

3

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART;*
*DISMISSED IN PART*